**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>Veietta Thomas</u>
Plaintiff

Case #    <u>2021 CA 000810</u>
Judge    _____

vs.

<u>WAL-MART STORES EAST, LP</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -



**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [  ]**
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Christopher J Nicholas</u>      Fla. Bar # <u>768790</u>
        Attorney or party               (Bar # if attorney)

<u>Christopher J Nicholas</u>        <u>05/04/2021</u>
 (type or print name)              Date

Case 4:21-cv-00213-MW-MJF   Document 1-1   Filed 05/25/21   Page 4 of 38

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

VEIETTA THOMAS,

      Plaintiff,

v.

                              Case No.:  2021 CA 000810

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, VEIETTA THOMAS ("Plaintiff"), by and through her undersigned counsel, and brings suit against the Defendant, WAL-MART STORES EAST, LP ("Defendant"). In support thereof, Plaintiff would state as follows:

1.    This is an action for damages in excess of $30,000.00 exclusive of interest, costs, and attorney's fees.

2.    At all times material hereto, Plaintiff was a resident of Leon County, Florida.

3.    At all times material hereto, Defendant was a foreign for-profit limited partnership authorized to do business and doing business in Leon County, Florida.

4.    Venue is proper pursuant to Section 47.011, Florida Statutes, as the events giving rise to the cause of action asserted herein accrued in Leon County, Florida

5.    On or about September 23, 2018, Defendant owned, operated, managed and/or was in control of a business located at 3535 Apalachee Parkway, Tallahassee, Leon County, Florida 32311 and known as Wal-Mart.

6.    At that time and place, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public who was expressly or impliedly invited upon said premises for the benefit of the Defendant.

7.     At that time and place, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

a.  Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

b.  Failing to correct a dangerous condition that it knew or reasonably should have known existed.

c.  Failing to warn Plaintiff about a dangerous condition that the Defendant reasonably did or reasonably should have had superior knowledge about and that Plaintiff did not know existed.

d.  Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

e.  Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the Defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

f.  Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

g.  By engaging in a negligent or unreasonable mode of business operation.

h.  In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

i.   In other ways to be determined in discovery.

8.     As a direct and proximate result of the above negligent acts or omissions on the part of the Defendant, the Plaintiff, VEIETTA THOMAS, slipped and fell on a liquid substance inside the store.

9.     The Defendant, WAL-MART STORES EAST, LP, its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

10.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and the loss of ability to earn money.  These losses are either permanent or continuing and Plaintiff will suffer said losses in the future.

WHEREFORE Plaintiff, VEIETTA THOMAS, demands judgment against Defendant, WAL-MART STORES EAST, LP, for damages, litigation costs, and any other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

Respectfully submitted this 4th day of May, 2021.

Christopher J. Nicholas (FBN 768790)
**FASIG │ BROOKS**
3522 Thomasville Rd. Suite 200
Tallahassee, FL 32309
Phone: 850-224-3310
Fax:    850-224-3433
Email: Chris@fasigbrooks.com
Kamelab@fasigbrooks.com;
Lisak@fasigbrooks.com
Counsel for Plaintiff



## LEON COUNTY Receipt of Transaction
### Receipt #     1568704

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Chris Nicholas
3522 Thomasville Road, Suite 200
Tallahassee, FL  32309

**On Behalf Of:**

On: 5/4/2021   4:31:42PM
Transaction # 100830938
Cashiered by: L WILLIAMS

| CaseNumber  2021 CA 000810 |
|---|

**Judge   JOHN C COOPER**

**VEIETTA THOMAS   *VS*   WAL-MART STORES EAST, LP**

| Comments: |
|---|

| Fee Description | | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| | Total: | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| | Grand Total: | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 126094482 | OK | 400.00 | 0.00 | 0.00 | 0.00 | 400.00 |
| | Payments Total: | | 400.00 | 0.00 | 0.00 | 0.00 | 400.00 |

Case 4:21-cv-00213-MW-MJF   Document 1-1   Filed 05/25/21   Page 8 of 38

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

VEIETTA THOMAS,

     Plaintiff,

v.                                 Case No.: 2021 CA 000810

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Pursuant to Rule 1.340, Fla. R. Civ. P., Defendant, is required within forty-five days after service hereof to answer under oath and in writing the Interrogatories attached hereto:

| | |
|---|---|
| INTERROGATORIES PROPOUNDED BY: | Plaintiff |
| NUMBER OF INTERROGATORIES: | Twenty-Two (22) |
| NUMBER OF PAGES: | Nine (9) |
| INTERROGATORIES DIRECTED TO: | Defendant, WAL-MART STORES EAST, LP |
| ORIGINALS FURNISHED TO: | Defendant, WAL-MART STORES EAST, LP<br>Registered agent: C T CORPORATION SYSTEM<br>1200 South Pine Island Rd.<br>Plantation, FL 33324 |

[DATE, SIGNATURE & CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

Respectfully submitted this 4th day of May, 2021.

Christopher J. Nicholas (FBN 768790)
**FASIG│BROOKS**
3522 Thomasville Rd. Suite 200
Tallahassee, FL 32309
Phone: 850-224-3310
Fax:    850-224-3433
Email:  Chris@fasigbrooks.com
Kamelab@fasigbrooks.com;
Lisak@fasigbrooks.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to a process server with the Complaint, Summons, Plaintiff's First Interrogatories to Defendant, and Plaintiff's First Request for Production to Defendant for service upon Defendant at the address referenced in the summons on this 4th day of May, 2021.

Christopher Nicholas (FBN: 768790)

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

VEIETTA THOMAS,

      Plaintiff,

v.                          Case No.: 2021 CA 000810

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, Notice of

Service of Plaintiff's First Interrogatories to Defendant, and Plaintiff's First Request for

Production to Defendant, upon:

**WAL-MART STORES EAST, LP**

By serving its registered agent:

**C T CORPORATION SYSTEM**
**1200 South Pine Road**
**Plantation, Florida 33324**

      Each defendant is required to serve written defenses to the Complaint upon Christopher

Nicholas, Plaintiff's attorney, whose address is 3522 Thomasville Rd. Suite 200, Tallahassee,

Florida 32309, within twenty days after service of this Summons on that defendant, exclusive of

the day of service, and to file the original of the defenses with the Clerk of this Court either

before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a

default will be entered against that defendant for the relief demanded in the Complaint or Petition.

DATED on _____5/5/2021_____, 2021.


As Clerk of the Court


By: _Yolanda Smith_____



## LEON COUNTY Receipt of Transaction
### Receipt #      1568889

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Chris Nicholas
3522 Thomasville Road, Suite 200
Tallahassee, FL  32309

**On Behalf Of:**

On: 5/5/2021  2:28:22PM
Transaction # 100831154
Cashiered by: Y SMITH

| CaseNumber  2021 CA 000810 |
| --- |

Judge   JOHN C COOPER

VEIETTA THOMAS   *VS*   WAL-MART STORES EAST, LP

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
| --- | --- | --- | --- | --- | --- | --- |
| (COMP_CA) COMPLAINT | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total: | 410.00 | 400.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| | | | | | | |
| Grand Total: | 410.00 | 400.00 | 0.00 | 10.00 | 10.00 | 0.00 |

| PAYMENTS |
| --- |

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| CREDIT CARD EFILE | 126158144 | OK | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |
| | | Payments Total: | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

VEIETTA THOMAS,

      Plaintiff,

v.                                  Case No.: 2021 CA 000810

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

      COMES NOW the Plaintiff, VEIETTA THOMAS, by and through her undersigned counsel, and hereby requests that Defendant, WAL-MART STORES EAST, LP, its agents, representatives, or attorneys, produce for inspection, copying, and/or photographing each of the following, which are in the possession, custody, and control of Defendant and which constitute tangible things within the scope of discovery under Rule 1.350, Fla. R. Civ. P.

      Production is to be made to Christopher Nicholas of FASIG│BROOKS, whose address is 3522 Thomasville Rd. Suite 200, Tallahassee, Florida 32309, within the time and in the manner provided under said Rule and in accordance with the following instructions and definitions.

## **INSTRUCTIONS AND DEFINITIONS**

1.     In producing documents requested herein, Defendant will produce documents in full, without abridgment, abbreviation, or editing of any sort, except as may be required by law.

2.     Unless an original document is specifically requested, in lieu thereof Defendant may produce a true and correct copy in legible condition.

3.     If Defendant objects to the production, in whole or in part, of any item or category requested herein, Defendant is requested to specify the part or category to which objection is made, state all grounds upon which the objection is made, and identify the legal basis for each objection.

4.     As employed herein, "individuals" refers to and includes, without limitation and in the singular as well as in the plural, natural persons, partnerships, corporations, limited liability companies, firms, estates, trusts, joint ventures, groups, associations, and all other organizations and entities, unless the context specifically indicates otherwise.

5.     As employed herein, "documents" refers to and includes, without limitation and in the singular as well as in the plural, all writings, drawings, graphs, charts, photographs, phono-records, memoranda (including written memoranda of telephone conversations, other oral communications, discussions, agreements, acts and activities), letters, postcards, facsimiles, telegrams, teletypes and all other telecommunication transmissions and receipts, interoffice and intra-office communications, electronic mail, correspondence, handwritten or typewritten notes, pamphlets, diaries, records of every kind, sound recordings, transcripts of sound recordings, contracts, agreements, commercial paper, powers of attorney, books, reports, catalogs, price lists, financial statements, books of account, journals, ledgers, purchase orders, invoices, requests for payment, certification for payment, indices, disks, diskettes, data processing cards, other data processing materials, data sheets, tapes, photostats, microfilm, videotapes, maps, directives, bulletins, circulars, notices, messages, reports, tabulations, notes, economic or statistical studies, surveys, polls, minutes, instructions, requests, canceled checks, calendars, desk pads, appointment books, scrapbooks, notebooks, specifications, blueprints, diagrams, sketches, and writings of every kind and character, including preliminary drafts and other copies of the foregoing, however produced or reproduced, and other data compilations from which information can be obtained, and translated, if necessary, by the party to whom the request is directed, through detection devices, into reasonably usable form.

6.     As employed herein, "communications" refers to and includes, without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of oral or written utterance.

7.     As employed herein, the term "writing" means all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, or otherwise stored, produced or reproduced.

8.     As employed herein, the terms "related to" and "referring to" mean, in whole or in part, constituting, evidencing, concerning, regarding, containing, embodying, reflecting, describing, involving, identifying, stating, referring to, dealing with, or in any way pertaining to.

9.     As employed herein, the terms "and" or "or" have both conjunctive and disjunctive meanings.

10.     As employed herein, the terms "any" and "all" means "each" and "every."

11.     As employed herein, the terms "you" or "your" or "Defendant" refers to the Defendant, WAL-MART STORES EAST, LP, in this action and any other individual, agent, entity, or representative acting or purporting to act on said Defendant's behalf.

12.     As employed herein, the term "Plaintiff" refers to the Plaintiff, VEIETTA THOMAS, in this action.

13.     As employed herein, the term "employee" refers to agents, representatives, contract workers, or anyone receiving compensation in exchange for labor or employment.

14.     As employed herein, the term "including" does not limit the response to the request.

15.     Where any privilege, qualified or absolute, is claimed by you with respect to the existence and/or the substance of any document and/or oral communication, please state in detail the nature of the privilege claimed and identify the individual(s) associated with the privileged document and/or oral communication as to which privilege is claimed.

16.     Where any of the requests for production set forth below cannot be produced in full, state, in detail, the reasons for such inability to produce.

17.     The time period applicable to the documents requested is the date of the incident that is the subject of Plaintiff's Complaint to the date of trial.

## DOCUMENTS REQUESTED

1.      The table(s) of contents for any and all manuals or guidelines governing the conduct of any employees in effect on the date of the subject incident, including employee training manuals.

**RESPONSE:**

2.      Any and all photographs or videos in any form of media, taken by or on behalf of Defendant, that relate to the parties and/or the entire store or location of the occurrence, including but not limited to, in-store photos or videos from two hours before to one hour after the subject incident.

**RESPONSE:**

3.      Any and all written or recorded statements obtained from, or signed by, Plaintiff.

**RESPONSE:**

4.      Any and all full and complete liability insurance policies in effect on the date of the subject incident including excess or umbrella policies.

**RESPONSE:**

5.      A list of the location and address and store number (if applicable) of all stores in all of Florida owned by Defendant or its corporate parent or subsidiaries.

**RESPONSE:**

6.      A list of the location and address and store number (if applicable) of all stores owned by Defendant in the county in which the subject incident occurred.

**RESPONSE:**

7.      Any and all zone logs, inspection logs, or other form of inspection record from the period of twenty-four hours before the subject incident, up to and including the entire day of the subject incident, and twenty-four hours after the subject incident, for the area of the subject location where the subject incident occurred.

**RESPONSE:**

8.      Any post-incident photographs or videos in any form or media of Plaintiff, including but not limited to, "surveillance" photographs or videos taken by any person or entity.

**RESPONSE:**

9.      Any and all correspondence, e-mails, texts, letters, or other communications between Plaintiff and Defendant, or Defendant's insurance company, or Defendant's adjusters or investigators, from any point in time.

**RESPONSE:**

10.     Any and all job descriptions, in effect on the date of the subject incident, for any employees at or near the scene of the subject incident from one hour before, to one hour after, the subject incident.

**RESPONSE:**

11.     Any and all documents showing a list of all injury claims (i.e., workers' compensation or liability) made by employees or customers at the entire subject store location for a three year period prior to the date of the subject incident.

**RESPONSE:**

12.     Any and all incident reports for the subject store where the subject incident occurred, for falls on transitory substances or objects, resulting in injury to a customer or an employee for three years prior to the subject incident. *Publix v. Martin*, 739 So. 2d 174 (Fla. 2d DCA 1999); *Hilliard v. Speedway*, 766 So. 2d 1153 (Fla. 4th DCA 2000); *Kimball v. Publix*, 901 So .2d 293 (Fla. 2d DCA 2005); *Thomas v. Publix*, 578 So. 2d 64 (Fla. 4th DCA 1991); *Wal-Mart v. Weeks*, 696 So. 2d 855 (Fla. 2d DCA 1997); and *Cunningham v. Anchor Hocking*, 558 So.2d 93, 100 (Fla. 1st DCA 1990).

**RESPONSE:**



13.     For any incidents at the subject store within three years prior to the date of the subject incident, for incidents involving injury, involving a customer or an employee slipping and/or falling on a transitory foreign object or substance, please provide:
   a.  the address, telephone number, e-mail address, and date of birth of the customer or employee;
   b.  the location of the fall;
   c.  the claim number of the claim, if any;
   d.  the case number and county in which the lawsuit was filed, if any;
   e.  the name and address of the claimant's attorney, if any;
   f.  whether the claimant was a customer or employee; and
   g.  the identity of the alleged cause of the fall (i.e., the identity of the transitory foreign object or substance).

*See Publix v. Martin*, 739 So. 2d 174 (Fla. 2d DCA 1999); *Hilliard v. Speedway*, 766 So. 2d 1153 (Fla.4th DCA 2000); *Kimball v. Publix*, 901 So. 2d 293 (Fla. 2d DCA 2005); *Thomas v. Publix*, 578 So. 2d 64 (Fla. 4th DCA 1991); *Wal-Mart v. Weeks*, 696 So.2d 855 (Fla. 2d DCA 1997); and *Cunningham v. Anchor Hocking*, 558 So.2d 93, 100 (Fla. 1st DCA 1990).

**RESPONSE:**

14.     Any and all store policies in effect on the date of the subject incident regarding what shoes or footwear employees were supposed to wear. If such policies are pursuant to some OSHA or other standard, rule, or regulation, please provide a copy of such standard.

**RESPONSE:**

15.     Any and all documents created during or as a result of any internal investigation that was used to determine the:
   a.  cause of the subject incident;
   b.  why the subject incident occurred; and
   c.  how a similar incident can be avoided in the future.

**RESPONSE:**

16.     Any and all communications from or to any witnesses to the subject incident.

**RESPONSE:**


17.     For any incidents at the subject store after the subject incident, for incidents involving injury, involving a customer or an employee slipping and/or falling on a transitory foreign object or substance, please provide documents including the following:
   a.  the address, telephone number, e-mail address, and date of birth of the employee or customer;
   b.  the location of the fall;
   c.  the claim number of the claim, if any;
   d.  the case number and the county in which the lawsuit was filed, if any;
   e.  the name and address of the claimant's attorney, if any;
   f.  whether the person was a customer or employee;
   g.  the identity of the cause of the fall (i.e., the identity of the transitory foreign object or substance)

*Glanzberg v. Kauffman*, 788 So. 2d 252 (Fla. 4th DCA 2000); *Criswell v. Best Western*, 636 So. 2d 562 (Fla. 3d DCA 1994).

**RESPONSE:**

18.     Any and all documents that show the layout of the entire subject premises on the date of the subject incident, including the scene of the subject incident, in its original format and size. If there is a reasonable cost in producing such document in its original format and size, please produce this document, along with an invoice for such reproduction, or provide an electronic version of same.

**RESPONSE:**

19.     Any and all incident reports for the subject incident. If objected to, please provide a privilege log, identifying the number of pages of such document(s), the date produced, by whom, and whose possession the subject report(s) are in, so that an in-camera inspection can occur, if necessary.

**RESPONSE:**

20.     Any and all documents or diagrams or photographs showing which products were on the entire aisle where the subject incident occurred and which products were displayed at the precise location where the subject incident occurred, including but not limited to any merchandising plans.

**RESPONSE:**

21.     Any and all documents or diagrams showing any sampling stands, outside vendor booths or stands, or other such stands, in the store, that were present on the date of the subject incident.

**RESPONSE:**

22.     Any and all repair or maintenance records, or other documents, concerning leaks of any sort from any roofing or machinery or coolers or refrigeration or heating or ventilation or air conditioning systems, at or near the location of the subject incident, for thirty days before and one week after, the subject incident.
**RESPONSE:**

23.     Pictures of any and all warning or floor safety devices (e.g., cones, signs, floor mats, etc.) allegedly warning Plaintiff of any danger, allegedly present at the subject premises on the date of the subject incident.

**RESPONSE:**

24.     An actual exemplar of any actual warning signs or floor safety devices, including cones or signs or floor safety mats, that were available in the subject store on the date of the subject incident. If Defendant is willing to provide same for inspection in lieu of production, please indicate same, so that such an inspection may be arranged.

**RESPONSE:**

25.     Any and all documents or diagrams showing where floor safety mats were located in the subject store on the date of the subject incident.

**RESPONSE:**

26.     Any and all purchase orders, receipts, invoices, or other documents identifying the warning signs or floor safety devices that were available and present at the subject premises on the date of the subject incident, including but not limited to, cones, wet floor signs, safety mats, or other warning or safety devices.

**RESPONSE:**

27.     Any and all manager or management training videos or manuals or other training documents regarding store safety or prevention of incidents or injuries in effect for a two year period prior to the date of the subject incident.

**RESPONSE:**

28.     Any and all employee training videos or manuals or other training documents regarding store safety or prevention of incidents or injuries in effect for a two year period prior the date of the subject incident.

**RESPONSE:**

29.     Any and all in-house meeting notes, syllabi, memos, handouts, e-mails, minutes, or videos for ongoing employee and manager training, regarding store safety from a period two years before the date of the subject incident, for the subject store.

**RESPONSE:**

30.     Any and all external evaluations or inspections concerning any issue of store safety performed by an outside insurance company, business, vendor, government agency (including OSHA) of the subject store for a period of three years before the date of the subject incident.

**RESPONSE:**

31.     Any and all internal evaluations or inspections concerning any issue of store safety performed of the subject store by Defendant or its corporate parent or subsidiaries, for a period of three years before the date of the subject incident.

**RESPONSE:**

32.     Any and all documents showing the identity and home address, date of birth, and telephone number of any employee who was fired one year before the subject incident and one year after the subject incident.

**RESPONSE:**

33.     Any and all documents showing the identity and home address, date of birth, and telephone number of any employee who made a Federal wage and hour claim against Defendant one year before the subject incident and one year after the subject incident.

**RESPONSE:**

34.     Any and all documents showing the identity and home address, date of birth, and home telephone number of any employee who made a workers' compensation claim against Defendant for one year before the subject incident and one year after the subject incident.

**RESPONSE:**

35.     The entire personnel file, with social security number redacted, of all of Defendant's employees identified as having knowledge of the subject incident, by Defendant, in response to Plaintiff's interrogatories.

**RESPONSE:**

36.     Defendant's incident reporting protocol or guidelines for the subject store, in effect on the date of the subject incident.

**RESPONSE:**

37.    Defendant's video preservation protocol or guidelines for the subject store, in effect on the date of the subject incident.

**RESPONSE:**

38.    Defendant's spill response protocol or guidelines for the subject store, in effect on the date of the subject incident.

**RESPONSE:**

Respectfully submitted this 4th day of May, 2021.

Christopher J. Nicholas (FBN 768790)
**FASIG | BROOKS**
3522 Thomasville Rd. Suite 200
Tallahassee, FL 32309
Phone: 850-224-3310
Fax:    850-224-3433
Email:  Chris@fasigbrooks.com
Kamelab@fasigbrooks.com;
Lisak@fasigbrooks.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to a process server with the Complaint, Summons, Plaintiff's First Interrogatories to Defendant, and Plaintiff's First Request for Production to Defendant for service upon Defendant at the address referenced in the summons on this 4th day of May, 2021.

Christopher Nicholas (FBN: 768790)

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

Veietta Thomas,                                    CASE NO.:  2021-CA-810

     Plaintiff,

vs.

Wal-Mart Stores East, LP,

     Defendants.

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All **COUNTY COURT Civil cases** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT Civil cases** for which the complaint **does not demand trial by jury** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

$S$

All **CIRCUIT COURT Civil cases** for which the **complaint demands trial by jury** are **GENERAL CASES** with a projected trial date of **540 days** from the date of filing of the complaint.

**A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party.** Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties **must file a *Joint* Notice** that the Cause is at Issue **no later than 15 days after the pleadings are closed.** In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for *Streamlined* Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for *General* Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial ***shall*** be conducted consistent with Florida Supreme Court and Second Circuit Administrative Order by audio-video technology. Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

After the conclusion of the COVID-19 Public Health Emergency all hearings other than jury selection and trial ***may*** be conducted by audio-video technology. Each

judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

DONE AND ORDERED in Tallahassee, Leon County, Florida on this 5<u>th</u> day of May, 2021.

John C. Cooper
Circuit Judge

Copies to:

All Counsel of Record

4 of 4

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR
LEON COUNTY, FLORIDA

VEIETTA THOMAS,

      Plaintiffs,

CASE NO: 2021-CA-00810

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## NOTICE OF APPEARANCE

The Law Firm of LUKS, SANTANIELLO, PETRILLO & COHEN, and Attorney AUDRA M. BRYANT hereby files their Notice of Appearance as Counsel for Defendant, WAL-MART STORES EAST, L.P., herein and request service of all pleadings, notice and other papers in this matter.

## THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY

Thomas, Veietta v. Wal-Mart Stores East, L.P.
Leon County Case No.: 2021-CA-00810
Page 2

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 11th day of May,

2021.

LUKS, SANTANIELLO, PETRILLO & COHEN
6265 OLD WATER OAK ROAD
SUITE 201
TALLAHASSEE, FL 32312
Telephone: (850) 385-9901
Facsimile: (850) 727-0233

By:_____
Audra M. Bryant
Florida Bar No.: 010303
Tabitha G. Jackson
Florida Bar No.: 115729
LUKSTALLY-Pleadings@LS-Law.com
*Attorneys for Defendant, Wal-Mart*
*Stores East, LP*

## SERVICE LIST

Christopher J. Nicholas, Esquire
*Fasig Brooks*
3522 Thomasville Road, Suite 200
Tallahassee, Florida 32309
chris@fasigbrooks.com
kamelab@fasigbrooks.com
lisak@fasigbrooks.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR
LEON COUNTY, FLORIDA

VEIETTA THOMAS,

      Plaintiffs,

CASE NO: 2021-CA-00810

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESS

Defendant, WAL-MART STORES EAST, LP, by and through the undersigned counsel,

hereby files this Notice of Designation of E-mail Address pursuant to Fla. R. Jud. Admin. 2.516,

and notify all parties that the following e-mail address is the designated e-mail address for service

of all pleadings or other documents required to be served in this matter.

LUKSTALLY-Pleadings@LS-Law.com

**\*\*THIS EMAIL ADDRESS IS FOR THE SERVICES OF COURT DOCUMENTS ONLY.
ALL OTHER COMMUNICATIONS SHOULD BE DIRECTED TO THE ATTORNEY
OF RECORD.\*\***

## THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY

Thomas, Veietta v. Wal-Mart Stores East, LP
Case No.: 2021-CA-00810
Page 2

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 11th day of May,

2021.

LUKS, SANTANIELLO, PETRILLO & COHEN
6265 OLD WATER OAK ROAD
SUITE 201
TALLAHASSEE, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

By:_____
    Audra M. Bryant
    Florida Bar No.: 010303
    Tabitha G. Jackson
    Florida Bar No.:  115729
    LUKSTALLY-Pleadings@LS-Law.com
    *Attorneys for Defendant, Wal-Mart*
    *Stores East, LP*

## SERVICE LIST

Christopher J. Nicholas, Esquire
*Fasig Brooks*
3522 Thomasville Road, Suite 200
Tallahassee, Florida 32309
chris@fasigbrooks.com
kamelab@fasigbrooks.com
lisak@fasigbrooks.com
*Counsel for the Plaintiff*

Filing # 127420473 E-Filed 05/24/2021 04:29:00 PM

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR
LEON COUNTY, FLORIDA

VEIETTA THOMAS,

          Plaintiffs,

CASE NO: 2021-CA-00810

vs.

WAL-MART STORES EAST, LP,

          Defendant.

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT

Defendant, WAL-MART STORES EAST, LP, by and through undersigned counsel, and pursuant to Rule 1.110, Florida Rule of Civil Procedure, hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint, as follows:

## ANSWER

1.     Admitted for jurisdictional purposes only.

2.     Without knowledge and therefore denied.

3.     Admitted.

4.     Admitted, at this time, for jurisdictional purposes only.

5.     Denied as phrased.

6.     Without knowledge and therefore denied.

7.     Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

        a.     Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

1

b.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

c.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

d.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

e.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

f.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

g.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

h.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

i.   Defendant denies the allegations in Paragraph 7, including all subparagraphs, and demands strict proof thereof.

8.   Defendant denies the allegations in Paragraph 8 and demands strict proof thereof.

9.   Admitted that Defendant had a duty to maintain the premises in a reasonably safe condition.  Otherwise, denied as phrased.

10.   Without sufficient knowledge, therefore denied.

2

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.      The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault.  Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for Plaintiff's own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control.  In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages, as the Doctrine of Joint and Several Liability has been abolished.

4.      Plaintiff has received, or is entitled to receive, payments from collateral sources as identified by Section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control.  In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

6.      Plaintiff failed to mitigate or minimize Plaintiff's damages, if any.

7.    The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8.    The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.  The accident and damages complained of by Plaintiff in this Complaint were due to the ordinary risk expressly assumed by the Plaintiff.

9.    The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.

10.    Plaintiff failed to take ordinary and reasonable care in conducting themselves on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.    This Defendant did not create, and had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.  Defendant further avails itself of all defenses and burdens required of Plaintiff pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.    If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.  Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13.    Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

4

14.     At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

15.     The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

16.     Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

17.     Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

18.     Plaintiff has failed to mitigate damages because: the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection, which is void against public policy, and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009). If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

19.     Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the Defendant

5

is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

20.     Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005).  Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

21.     The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance.  Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

22.     To the extent that the Plaintiff failed to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate its damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 24th day of May, 2021.

> LUKS, SANTANIELLO, PETRILLO & COHEN
> 6265 OLD WATER OAK ROAD
> SUITE 201
> TALLAHASSEE, FL 32312

6

Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

Signed Digitally

By: _____

    Audra M. Bryant
    Florida Bar No.: 010303
    Tabitha G. Jackson
    Florida Bar No.:  115729
    LUKSTALLY-Pleadings@LS-Law.com
    *Attorneys for Defendant, Wal-Mart*
    *Stores East, LP*

## SERVICE LIST

Christopher J. Nicholas, Esquire
*Fasig Brooks*
3522 Thomasville Road, Suite 200
Tallahassee, Florida 32309
chris@fasigbrooks.com
kamelab@fasigbrooks.com
lisak@fasigbrooks.com
*Counsel for the Plaintiff*

7

Filing # 127420473 E-Filed 05/24/2021 04:29:00 PM

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR
LEON COUNTY, FLORIDA

VEIETTA THOMAS,

CASE NO: 2021-CA-00810

    Plaintiffs,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, hereby files their Notice of Removal of

this cause, a copy of which is attached, from the Circuit Court of the Second Judicial Circuit, in

and for Leon County, Florida, to the United States District Court, Northern District of Florida,

Tallahassee Division.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 24th day of May,

2021.

LUKS, SANTANIELLO, PETRILLO & COHEN
6265 OLD WATER OAK ROAD
SUITE 201
TALLAHASSEE, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

*Audra Bryant* Signed Digitally

By:_____
    Audra M. Bryant

Case No.: 16-2020-CA-003252
Page 2

Florida Bar No.: 010303
Tabitha G. Jackson
Florida Bar No.:  115729
LUKSTALLY-Pleadings@LS-Law.com
*Attorneys for Defendant, Wal-Mart*
*Stores East, LP*

## SERVICE LIST

Christopher J. Nicholas, Esquire
*Fasig Brooks*
3522 Thomasville Road, Suite 200
Tallahassee, Florida 32309
chris@fasigbrooks.com
kamelab@fasigbrooks.com
lisak@fasigbrooks.com
*Counsel for the Plaintiff*